IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) NANCY MORRISON

               Plaintiff,

v.

(1) CHARTIS PROPERTY CASUALTY CO., a foreign corporation,

               Defendant.

Case No. 13-CV-116-JED-PJC

## DEFENDANT'S RESPONSES TO PLAINTIFF'S COMBINED FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Chartis Property Casualty Co. ("Defendant") submits its Responses pursuant to F.R.C.P. 33 and 34.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please state the name, address, title and duties of each person answering, or who was contacted in answering, these interrogatories or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document, and its present location, which was searched in answering the interrogatories and the place where these interrogatories are answered.

**RESPONSE TO INTERROGATORY NO. 1**: Objection. This interrogatory contains three distinct subparts that qualify as separate interrogatories. Brittan Reed, c/o RHJTG, Casualty Claims Analyst, evaluates claims; claim file (currently in possession of defense counsel); office of defense counsel and office of Brittan Reed.

**INTERROGATORY NO. 2**: Please identify every person who participated in the decision(s) whether to pay Plaintiff's uninsured/underinsured motorist (UIM) claims.

**Exhibit 1**

**RESPONSE TO INTERROGATORY NO. 2**: Brittan Reed, Jeff Carroll, Brian Applebee.

**INTERROGATORY NO. 3**:        Please identify all documents that evidence the bases for Defendant CHARTIS's decision to withhold payment of Plaintiff's UIM benefits from the time Plaintiff originally requested CHARTIS to make such payment and for each document give the name, address, and telephone number of the individuals(s) who generated the records and the individual(s) who have custody of such records. Please attach a copy of each record to your answers.

**RESPONSE TO INTERROGATORY NO. 3**: Plaintiff's medical records and bills, police report and witness statements, investigative report.  The records, bills and police report are either in plaintiff's possession or equally available to her.  The investigative report is produced with the non-privileged portion of the pre-litigation claim file.

**INTERROGATORY NO. 4**:        Please identify all documents that evidence the basis for Defendant's determination that the value of Plaintiff's injury claim fell within the policy limits held by the third party tortfeasor, and for each document give the name, address, and telephone number of the individual(s) who generated the records and the individual(s) who have custody of such records. Please attach a copy of each record to your answers.

**RESPONSE TO INTERROGATORY NO. 4**: See response to Interrogatory No. 3.

**INTERROGATORY NO. 5**:        Please state the name and address of each person known by Defendant CHARTIS to have any knowledge whatsoever of matters pertinent to the allegations in Plaintiff's Petition and the subject matter of such knowledge.

2

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiff, c/o SSR; facts of accident, nature, extent and cause of injuries and damages;

John Branum, c/o John Woodard – facts of accident, nature and extent of plaintiff's injuries, extent of liability insurance;

Brittan Reed – communications with plaintiff's counsel, investigation and evaluation of claim;

Jeff Carroll – discussions with Mr. Reed about evaluation of claim

**INTERROGATORY NO. 6**: Please state any and all affirmative defenses on which you intend to rely for purposes of this litigation and give the factual bases thereof.

**RESPONSE TO INTERROGATORY NO. 6**: While not strictly "affirmative" in nature, Defendant expects that it may contend that plaintiff's injuries and conditions did not result solely from the accident; that Defendant acted reasonably and in good faith in dealing with plaintiff with regard to her claim for UIM benefits; that plaintiff and Defendant had a reasonable disagreement over the value of her claim; and that Defendant would be entitled to a credit in the event it makes any payments under the policy.

**INTERROGATORY NO. 7**:            Please state in detail all facts discovered by Defendant Chartis pertaining to Plaintiff's UIM claim between the date Plaintiff put Chartis on notice of a potential UIM claim and the date upon which the current lawsuit was filed.

**RESPONSE TO INTERROGATORY NO. 7**: Objection. This interrogatory is overbroad, vague and unduly burdensome, and seeks information protected by the attorney client and work product privilege. Based upon information received, Defendant generally learned of the tortfeasor's liability limits, the course of plaintiff's medical treatment, the amount of the

3

medical bills received, the nature and extent of plaintiff's injuries and recovery, the progress of plaintiff's action against the tortfeasor, and the tender of liability limits by Safeco.

**INTERROGATORY NO. 8**: Describe in detail Defendant CHARTIS's procedure for training its claims agents in handling Oklahoma UIM claims. If Defendant CHARTIS utilizes instructional manuals or other education material in this process, identify all such material, give a brief description of each document and attach all documents hereto.

**RESPONSE TO INTERROGATORY NO. 8**: Objection.    This interrogatory is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  With regard to Brittan Reed, he did not receive any training that was specific to handling Oklahoma UIM claims.

**INTERROGATORY NO. 9**:      If Defendant CHARTIS requires that its employees be certified or have some type of training prerequisite prior to being allowed to handle Oklahoma UIM claims, describe in detail the process, prerequisites and requirements prior to handling Oklahoma UIM claims.

**RESPONSE TO INTERROGATORY NO. 9**: Objection.  This interrogatory is overbroad.  With regard to Brittan Reed, he was required to have an Oklahoma property and casualty adjuster license.

**INTERROGATORY NO. 10**: Please state the following:

a.  the date on which Plaintiff filed her claim with Defendant CHARTIS which forms the basis of this litigation;

b.  the date said claim was acknowledged as being due and payable by this Defendant; and

c.  the date said claim was actually paid.

**RESPONSE TO INTERROGATORY NO. 10**:        Objection.  This interrogatory is vague and ambiguous.  However, Defendant states that it received a call from Kendra Rush and a letter from Daniel Smolen on August 23, 2011, which indicated that plaintiff was making a claim for UM and medical payments benefits under the policy.  Defendant has not acknowledged the claim as being due and payable.  The claim has not been paid.

**INTERROGATORY NO. 11**:        Identify every UIM computer software claims adjusting program, including but limited to all software used to audit the medical bills provided to it by its UIM insureds, whether such audit is through a third party or not, utilized by Defendant CHARTIS from 2008 until present.

**RESPONSE TO INTERROGATORY NO. 11**:        Objection.  This interrogatory is overbroad. With regard to plaintiff's claim, no such software was used.

**INTERROGATORY NO. 12**: Describe what actions Defendant CHARTIS took to determine the range of compensation in evaluation of Plaintiff's UIM claims, including, but not limited to, those actions generated by a computer software claims adjusting program.

**RESPONSE TO INTERROGATORY NO. 12**:        Defendant reviewed and evaluated the materials identified in response to interrogatory No. 3, and came to a value based on Mr. Reed's years of experience in handling bodily injury claims.

**INTERROGATORY NO. 13**: Identify each person or persons responsible for the preparation of any studies, reports, analyses and so forth, from 2006 until present, which indicate, discuss, suggest or document a pattern of overpayment for the relevant geographic level or region in this matter, on Oklahoma UIM claims prior to the implementation of the computer software claims adjusting program used by Defendant CHARTIS to adjust Plaintiff's claim.

**RESPONSE TO INTERROGATORY NO. 13**:        Defendant is unaware of any such person.

**INTERROGATORY NO. 14**: Identify each person who was informed of the results of any studies, reports, analyses and so forth, from 2006 until present, which indicate, discuss, suggest or document a pattern of overpayment for the relevant geographic level or region in this matter, on UIM claims.

**RESPONSE TO INTERROGATORY NO. 14**:        Defendant is unaware of any such person.

**INTERROGATORY NO. 15**: Have you made any changes to your policies, procedures, rules and/or guidelines regarding the handling of Oklahoma UIM claims in the preceding five (5) years? If yes, state (a) the date of such change(s); (b) what change(s) were made; (c) the reason(s) for such change(s) and (d) identify the person(s) who made the decision(s) to change.

**RESPONSE TO INTERROGATORY NO. 15**:        Defendant is unaware of any such changes.

**INTERROGATORY NO. 16**: Identify all lawsuits against Defendant CHARTIS related to Oklahoma automobile UIM insurance from 2008 to present that allege breach of contract, bad faith or fraud. In your response, specify the jurisdiction where the lawsuit was filed, the name of the plaintiff, and the date the lawsuit was filed.

**RESPONSE TO INTERROGATORY NO. 16**:        Defendant is unaware of any such lawsuits.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:        Please produce all documents identified and/or relied upon in your answers to Plaintiff's Interrogatories, categorized according to their appropriate Interrogatory answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:        See documents to be produced.

6

**REQUEST FOR PRODUCTION NO. 2**: Please produce Plaintiff's entire UIM claim files, including but not limited to electronic data and activity logs, supervisor comments and analysis, file jackets and folders containing the files, communications between you and the Plaintiff or Plaintiff's representatives, and any and all internal documents of every type related to the adjustment of the Plaintiff's claim. This shall also include, but not be limited to, any and all telephone slips, post-its, handwritten notes, e-mails, or other removable materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:    Defendant will produce a copy of the non-privileged portions of the pre-litigation claim file.

**REQUEST FOR PRODUCTION NO. 3**:    Please produce a copy of all Oklahoma UIM training materials in effect at Defendant CHARTIS's claims office at the time the applicable policy of insurance was purchased, and, if additional and/or replacement training materials were in use at the time Plaintiff's UIM claims were adjusted, produce those as well. This request includes all procedure manuals in which Defendant CHARTIS has dictated the methods through which Oklahoma UIM claims are to be handled.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:    Objection.    This request seeks documents that are deemed proprietary and confidential.  However, Defendant will produce a copy of the Private Client Group, Casualty Claims Handling Guidelines under an agreeable protective order.

**REQUEST FOR PRODUCTION NO. 4**: All documents related to Plaintiff's UIM claims that were prepared by or for and/or used by, and/or inspected, examined, reviewed or relied upon by any expert witness or outside consultant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:    Defendant    has    no    responsive

documents.

**REQUEST FOR PRODUCTION NO. 5**: All documents and other evidence you may utilize at

trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:    At this time, please see the claim

file materials to be produced.

**REQUEST FOR PRODUCTION NO. 6**:  All documents that relate to Defendant CHARTIS's

marketing, selling, advertising, training, documentary, and/or otherwise offering UIM

coverage in the state of Oklahoma, for 2008 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:    Defendant    has    no    responsive

documents.

**REQUEST FOR PRODUCTION NO. 7**: Please produce a copy of all written or recorded

statements made by any person, at any time, regarding the allegations contained in Plaintiff's

Petition or that form the basis for any affirmative defenses on which you intend to rely in your

defense of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:    Defendant    has    no    responsive

documents.

**REQUEST FOR PRODUCTION NO. 8**: All documents relating to reserves set for Plaintiff's UIM

claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:    Objection.  This request is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  It also

requests privileged, proprietary and confidential information.

8

**REQUEST FOR PRODUCTION NO. 9**: All claim manuals used in the handling of Oklahoma UIM auto claims at Defendant CHARTIS in the last five (5) years, including all manuals provided to Defendant CHARTIS by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:     Objection.    This request seeks documents that are deemed proprietary and confidential.  However, Defendant will produce a copy of the Private Client Group, Casualty Claims Handling Guidelines under an agreeable protective order.

**REQUEST FOR PRODUCTION NO. 10**: All Oklahoma UIM claims training video and/or audio recordings developed or used at Defendant CHARTIS in the last five (5) years, including all recordings provided to Defendant CHARTIS by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:    Defendant    has    no    responsive documents.

**REQUEST FOR PRODUCTION NO. 11**: Copies of the entire personnel files of each claim-handler, adjustor, team leader, supervisor, manager, claims officer, underwriter, actuary, or other employee or agent of the Defendant CHARTIS who was responsible for determining, taking action upon, or supervising decisions as to whether medical payment benefits, UIM benefits, and/or bodily injury liability benefits should be paid, and if so, what amount should be paid to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:    Objection. This request is overbroad, unduly burdensome and the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This request also invades the privacy rights and confidentiality of the individuals at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:   Objection. This request is vague, ambiguous, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18**:   All documents relating to efforts to increase Oklahoma UIM claim department profitability over the past five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**: Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 19**:   All documents relating to efforts or goals to decrease UIM loss ratios, or decrease UIM claims severity costs, over the past five (5) years in the State of Oklahoma.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**: Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 20**:   All documents within the last five (5) years, including but not limited to legal opinions relied upon, which relate to whether, in Oklahoma, a first party insurance carrier may withhold undisputed portions of UIM benefits from a policyholder until all disputed portions of the claim are resolved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**: Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 21**: All documents indicating the net and gross annual income from Defendant CHARTIS's sale of and collection of premiums paid for UIM coverage in the State of Oklahoma in every year from 2008 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:   Objection.   This request is vague, overbroad, unduly burdensome and the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22**: Any due diligence study, investigation, report or analyses concerning the ability of the UIM computer software claims adjusting program used by Defendant CHARTIS to generate fair and reasonable evaluations of Oklahoma UIM injury claims, including all such documents provided to Defendant CHARTIS by a third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**: Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 23**:   All documents relating to Defendant CHARTIS's underwriting and/or actuarial departments and processes, concerning the sale, marketing, loss ratios, pricing, valuing, discounting, inventorial of, profit analysis, accounting of and/or establishment of Defendant CHARTIS's UIM coverages, premiums and policies, in the State of Oklahoma, including all such documents provided to Defendant CHARTIS by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:   Objection.   This request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   The request is also vague, overbroad, and would result in an undue burden on Defendant.

**REQUEST FOR PRODUCTION NO. 24**: Documents that refer or relate to the terms of the purchase or licensing of the UIM computer software claims adjusting program used by Defendant CHARTIS in Oklahoma and the negotiation of those terms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**: Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 25**: All documents relating to any industry surveillance studies, internal studies, presentations, analysis or reports concerning potential extra-contractual liability exposure related to the use of the computer software claims adjusting program used by Defendant CHARTIS, including all such documents provided to CHARTIS by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:    Defendant    has    no    responsive documents.

**REQUEST FOR PRODUCTION NO. 26**: All documents relating or referring to the role or use of the UIM computer software claims adjusting program used by Defendant CHARTIS in any redesign of your Oklahoma claims department and/or Oklahoma claims handling procedures, including all such documents provided to Defendant CHARTIS by any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:    Defendant    has    no    responsive documents.

**REQUEST FOR PRODUCTION NO. 27**: Any indemnity agreement between computer program owner, its predecessor, or third party medical bill auditing entity and Defendant CHARTIS relating to or concerning the use of the UIM computer software claims adjusting program or medical bill auditing program utilized or relied upon by Defendant CHARTIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:    Defendant    has    no    responsive documents.

**REQUEST FOR PRODUCTION NO. 28**: Since 2008, all documents related to complaints filed against Defendant CHARTIS, its agents and its employees with the Oklahoma Insurance Department that relate to UIM automobile policies.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**: Defendant has no responsive documents.

Respectfully submitted,

By _____

DAN S. FOLLUO, OBA# 11303
dfolluo@rhodesokla.com
RANDALL E. LONG, OBA #22216
rlong@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
**ATTORNEYS FOR DEFENDANT
CHARTIS PROPERTY CASUALTY CO.**

**CERTIFICATE OF MAILING**

I hereby certify that on the ___ day of _____, 2013, a full, true and correct copy of the above and foregoing document was mailed, via United States Mail, postage prepaid, to the following counsel of record:

Donald E. Smolen, II
Laura Lauth
**SMOLEN, SMOLEN & ROYTMAN, PLLC**
701 South Cincinnati Avenue
Tulsa, OK 74119

15