IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

NANCY MORRISON, )
)
    **Plaintiff,** )
)
v. )    **Case No. 13-CV-116-JED-PJC**
)
CHARTIS PROPERTY CASUALTY CO., )
)
    **Defendant.** )

### OPINION AND ORDER

Plaintiff, Nancy Morrison, filed this breach of contract and bad faith action against her insurer, Chartis Property Casualty Co., alleging she is owed benefits pursuant to her uninsured/underinsured motorist ("UIM") coverage policy. [Dkt. No. 1]. Now before the Court is the Motion to Compel filed by Plaintiff, seeking discovery of information and documents related to the handling of her UIM claim, personnel files of employees involved in the handling of her claim, and policies and procedures used by Defendant in assessing claims. [Dkt. No. 23].

### *I. Applicable Legal Principles*

It is generally understood that discovery under the Federal Rules is limited by relevance and burdensomeness.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *Littlebear v. Advanced Bionics, LLC*, 2012 WL 2979023, *1 (N.D. Okla. July 20, 2012).  Following the 2000 amendment of Fed. R. Civ. P. 26, the Tenth Circuit Court of Appeals noted:

This change implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action. Accordingly, when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Fed. R. Civ. P. 26 advisory committee's note (2000). This good-cause standard is intended to be flexible. *Id.* When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be.

*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 -1189 (10th Cir. 2009)

(citations omitted).

While Rule 26 still contemplates liberal discovery and broad concept of relevance, the Rule also recognizes that discovery must be proportionate to the case and issues at hand.  Fed. R. Civ. P. 26(b)(2).  Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion.  *Smith v. Sentinel Inc. Co., Ltd.*, 2011 WL 2883433, *1 (N.D. Okla. July 15, 2011).

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  At the discovery phase of litigation "relevancy" is broadly construed.

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Barton v. Tomacek*, 2012 WL 4735927, *4 (N.D. Okla. Oct. 3, 2012; *Smith, supra*. Document requests must describe what is being sought with "reasonable particularity." Fed. R. Civ. P. 34b)(1)(A). *See, Howard v. Segway, Inc.*, 2013 WL 869955, *2 (N.D. Okla. March 7, 2013). Objections to discovery requests must be stated with specificity. Mere boilerplate objections or the familiar litany of "overly broad, vague or burdensome," without more, is not sufficient. *Howard, supra*, at *3; *Leisure Hospitality, Inc. v. Hunt Properties, Inc.*, 2010 WL 3522444, * 3 (N.D. Okla. Sept. 8, 2010); *Wyatt v. ADT Sec. Services, Inc.*, 2011 WL 1990473, *2 n.1 (N.D. Okla. May 23, 2011).

## II. Discussion

The discovery disputes at issue can be broken down into the following categories: 1) Plaintiff's UIM claim file, 2) loss reserve information, 3) personnel files, and 4) training and claims handling guidelines and materials. After reading the briefs, the Court finds that Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part as detailed below.

## A.  Plaintiff's UIM Claim File

Request for Production No. 2 seeks Plaintiff's "entire" UIM claim file. Defendant has produced what it contends are the relevant and non-privileged portions of the claim file.  Specifically, Defendant asserts: 1) that it denied Plaintiff's UIM claim on August 31, 2012, and that all material created after that date is irrelevant; 2) post-litigation claim file materials are beyond the scope of discovery; and 3) the remaining portions of the claim file are protected by the attorney-client and work-product privileges.

Ordinarily, an insurer's conduct after it made a decision to deny proceeds under a policy would be irrelevant to a bad faith claim.  *Butterfly-Biles v. State Farm Life Ins. Co.*, 2010 WL 346838, *3 (N.D. Okla. Jan. 21, 2010) (citations omitted).  However, in this case, there is ample evidence that suggests Defendant was continuing to investigate Plaintiff's claim and that a final decision had not been made.  For purposes of responding to the Motion to Compel, Defendant claims that it denied Plaintiff's claim in correspondence dated August 31, 2012, where it stated "we do not believe that this is an 'underinsured' motorist claim **at this time**." [Dkt. No. 31 at p.9, Dkt. No. 23-3] (emphasis added).  Not only did the correspondence indicate coverage was not implicated "at this time," Defendant proceeded to indicate that it would "be more than happy to review" additional documentation as part of its "continuing obligation to investigate and

4

evaluate" the claim. [Dkt. No. 23-3].   Indeed, Defendant did continue to investigate and ask for additional records so that it could further evaluate Plaintiff's claim. [*See e.g.* Dkt. No. 38-2 at pp. 2, 4, 9 and 15].   Based on the record before the Court, there is evidence that the claim review process was ongoing and the ongoing investigatory conduct, after August 31, 2012, may be relevant to Plaintiff's bad faith claim. *Butterfly-Biles*, *supra* at *3.   As this Court has previously recognized, the fact that an insurer involves an attorney in investigating a claim is insufficient "to make a routine business investigation suddenly privileged."   *Id.*

Relying on *Andres v. Okla. Farm Bureau Mut. Ins. Co.*, 290 P.3d 15 (Okla. Civ. App. 2012), Defendant similarly urges that all post-litigation claim file materials are non-discoverable.   However, that is not what the court in *Andres* held.   In *Andres*, the alleged bad faith "occurred completely within the context of the parties' appropriate exercise of their rights in litigation" after being remanded back to the trial court; it was undisputed that the initial denial of the claim was reasonable under the circumstances.   290 P. 3d at 18.   *Andres* simply does not stand for the proposition that the commencement of litigation is the cut-off date for discovery of claim file material in all instances.   *See Higgins v. State Auto Property & Cas. Ins. Co.*, 2012 WL 2571278, *5 (N.D. Okla. July 2, 2012) (*citing Barnes v. Okla. Farm Bureau. Mut. Ins. Co.*, 11 P.3d 162 (Okla. 2000) ("Oklahoma courts would likely hold that the duty of good faith and fair dealing

extends into litigation until a claim has either been paid or denied."). As discussed above and in *Butterfly-Biles*, the ongoing investigation of Plaintiff's claim did not become privileged simply because a lawsuit was filed. *Supra*, at *3. This is not to say that all post-litigation conduct would be relevant and not privileged. As recognized in *Higgins*, there is no bright-line rule, but there is an important distinction between the post-litigation continuing investigation of a claim and true litigation conduct. *Supra*, at **6-7. In the instant case, discovery of post-litigation conduct related to the ongoing investigation, evaluation and processing of the claim, as well as payment or non-payment of the claim will be allowed. *Id.*

**B. Loss Reserves**

Request for Production No. 8 seeks production of all documents relating to loss reserves set for Plaintiff's UIM claim. Defendant objects that this information is not relevant as it is not probative of Defendant's perceived "range of value" of the claim. In support of this argument, Defendant cites to *Higgins v. State Auto Prop. & Cas. Ins. Co.*, 2012 WL 2571278, **11-12 (N.D. Okla. July 2, 2012) (unpublished). The undersigned notes however, that the motion before the Court in *Higgins* concerned whether or not the evidence was *admissible* at trial, not whether it was *discoverable*.

Discovery of information pertaining to loss reserves has been allowed by this Court based on the reasoning that a claim for bad faith can be difficult to prove without circumstantial evidence of the insurer's intent. *Porter v. Farmers Ins. Co., Inc.*, 2011 WL 1566018 at *2 (N.D. Okla. Apr. 25, 2011) (unpublished), *ONEOK, Inc. v. Nat. Union Fire Ins. Co.*, 2007 WL 2891519 (N.D. Okla. Sept. 28, 2007) (unpublished). Although the Tenth Circuit has rejected the use of loss reserves as evidence establishing bad faith, it has not held that loss reserves are never relevant to the issue. *Signature Dev. Cos. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223-24 (10th Cir. 2000). The undersigned reiterates this Court's previous finding "that loss reserve information is discoverable in bad faith cases." *Porter*, 2011 WL 1566018 at *2. Defendant is ordered to fully respond to this request.

## C. Personnel Files

Request for Production No. 11 seeks the entire personnel file for each employee who was involved with Plaintiff's UIM claim, specifically three employees identified by Plaintiff, Brittan Reed, Jeff Caroll, and Brian Applebee. Defendant argues that neither Jeff Carrol nor Brian Applebee handled Plaintiff's claim and that the request is overly broad and burdensome, requests irrelevant information and implicates privacy and confidentiality rights.[1]

---

[1] Both the form and content of Plaintiff's request and Defendant's answer set the stage for a dispute to arise. Parties are directed to review this Court's discussion in *Howard v. Segway, Inc.*, 2013 WL 869955 (N.D. Okla. March 7, 2013).

This Court has generally permitted discovery of relevant personnel files in insurance bad faith cases, but not without limitation. *Porter*, 2011 WL 1566018 at *2; *Waters v. Cont. Gen. Ins. Co.*, 2008 WL 2510039 (N.D. Okla. June 19 2008) (unpublished). Personnel files often contain sensitive personal or medical information that is irrelevant to the issues involved. *Id.* Here, Plaintiff has requested entire personnel files, which the Court finds overly broad. Defendant is required to produce information from the personnel files pertaining to background, qualifications, training, and job performance, subject to the protection of a protective order. *Waters*, 2008 WL 2510039 at *1.

Defendant argues that Mr. Carrol and Mr. Applebee did not "handle" Plaintiff's claim and therefore their personnel files should be exempt from production. [Dkt. No. 31 at pp. 20-21]. However, in response to Interrogatory No. 2, Defendant specifically identified Messrs. Carrol and Applebee as employees "who **participated in the decision(s)** whether to pay" Plaintiff's claim. [Dkt. No. 23-1] (emphasis added). Participating in the decision on whether Plaintiff's claim should be paid is sufficient "handling" of the claim that their personnel files are fair ground for discovery in this case. *See Waters*, 2008 WL 2510039.

**D. Training and Claims Handling Guidelines and Manuals**

In Interrogatory Nos. 8-9 and Requests for Production Nos. 3 and 9, Plaintiff seeks information and documents pertaining to claims agent training as well as claims handling guidelines and manuals. Defendant asserted that it has fully answered and produced responsive materials and that this issue is moot. Plaintiff disagrees that the Interrogatories were fully answered and also urges that Defendant needs to supplement its formal discovery responses to the requests for production and affirmatively state whether all responsive documents have been produced.

Interrogatories 8 and 9 and Defendant's responses are as follows:

**INTERROGATORY NO. 8:** Describe in detail Defendant CHARTIS's procedure for training its claims agents in handling Oklahoma UIM claims. If Defendant CHARTIS utilizes instructional manuals or other education material in this process, identify all such material, give a brief description of each document and attach all documenters hereto.

**RESPONSE:** Objection. This interrogatory is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. With regard to Brittan Reed, he did not receive any training that was specific to handling Oklahoma UIM claims.

**INTERROGATORY NO. 9:** If Defendant CHARTIS requires that its employees be certified or have some type of training prerequisite prior to being allowed to handle Oklahoma UIM claims, describe in detail the process, prerequisites and requirements prior to handling Oklahoma UIM claims.

**RESPONSE:** Objection. This interrogatory is overbroad. With regard to Brittan Reed, he was required to have an Oklahoma property and casualty adjuster license.

[Dkt No. 23-1].  The Court finds that information regarding training procedures and materials for its employees in handling Oklahoma UIM claims is relevant for discovery purposes and that all information on this topic be produced, and not limited to training received by Brittan Reed.

In regards to Requests for Production Nos. 3 and 9, seeking training materials and claim manuals used in handling Oklahoma UIM claims, the Court finds that these are relevant and discoverable and Defendant is directed to supplement its discovery responses to affirmatively state whether all responsive materials have been produced.

Plaintiff's Motion to Compel [Dkt. No. 23] is **GRANTED IN PART AND DENIED IN PART** as set forth above. Defendant is hereby given thirty (30 days from the date of this Order to supplement its discovery responses as discussed herein.  Each party will bear its own attorney fees associated with this motion.

IT IS SO ORDERED, this 4th day of March, 2014.

Paul J. Cleary
United States Magistrate Judge

10