IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) NANCY MORRISON

        Plaintiff,

v.

(1) CHARTIS PROPERTY CASUALTY CO., a foreign corporation,

        Defendant.

Case No. 13-CV-116-JED-PJC

## REPLY IN SUPPORT OF OBJECTION AND MOTION TO MODIFY MAGISTRATE JUDGE'S ORDER

Chartis Property Casualty Co. replies in support of its Objection and Motion to Modify Magistrate Judge's Order as follows:

### I. CHARTIS HAS <u>NOT</u> WITHHELD EVERYTHING IN THE CLAIM FILE SINCE JULY 24, 2012.

Plaintiff claims that Chartis has "failed to produce *any* claim file documents created after July 24, 2012." *Doc. 51 at 6.* Plaintiff also claims that Chartis has refused to produce its evaluation of her claim. *Doc. 51 at 19, n. 9.* Both of these statements are false.

First, Plaintiff is in possession of numerous claim file documents that were created after July 24, 2012. The document production includes emails, letters and claim notes, among other documents, at were created throughout 2012 and some in 2013 prior to the commencement of this civil action. Chartis has produced its claim notes from the claim's inception in August 2011 all the way up to the date Plaintiff commenced this action in February 2013. The documents were stamped CLAIM FILE 923-939. While some of the note entries were redacted for privilege and described on the privilege log, the remaining entries were produced to Plaintiff. CLAIM FILE 923-930.

1

Second, Chartis has in fact provided Plaintiff with its evaluation. Plaintiff need only review the claim note entries on CLAIM FILE 927-930 to see claims the evaluation performed by Brittan Reed, the Casualty Claims Specialist assigned to handle Plaintiff's UM claim. These entries begin on August 22, 2012 and end on August 30, 2012, and cover several pages of the claim note log. Plaintiff cries foul, but she already possesses the documents she seeks.

The remainder of the pre-litigation claim file materials that were redacted or withheld were privileged, and were therefore listed and described on the privilege log pursuant to LCvR 26.4. The descriptions of the documents and the asserted privileges are sufficient to make a determination whether each particular document is actually privileged. *See Fleischmann v. McDonald's Corp. (In re Application for an Order for Judicial Assistance in a Foreign Proceeding)*, 244 F.R.D. 434, 438 (N.D. Ill. 2007) ("The purpose of a privilege log is to enable the opposing party and the Court to evaluate the applicability of the asserted privilege.") (quotations omitted); *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 2009 U.S. Dist. LEXIS 80802, *15 (D. Kan. Sept. 4, 2009) ("The purpose of a privilege log is to provide the opposing party and the Court with enough information to evaluate the claim of privilege."). Chartis requests that this Court consider the privileges asserted and the substance of the documents to determine whether they are privileged and shielded from discovery.

## II.  CHARTIS DOES NOT CLAIM A BLANKET PRIVILEGE AS TO THE CLAIM FILE.

Plaintiff argues that Chartis is asserting some blanket privilege regarding the claim file. *See Doc. 51 at 14, 25.* Nowhere in Chartis's briefing does it request the Court recognize some privilege as to the entire claim file. If it had, Chartis would not have prepared a

2

privilege log to direct Plaintiff to the specific documents Chartis asserts are privileged. Again, Chartis has in fact produced many non-privileged claim file documents that predate this civil action.

As to the remainder, Chartis provided a privilege log that provides all the detail necessary to determine the applicability of the asserted privileges. Plaintiff received the privilege log and argued that the Court should compel production of the documents simply because Chartis is an insurance company in the business of evaluating claims. But this argument does not address the asserted privileges as to the particular documents listed on the privilege log. Chartis agrees that a document does not suddenly become privileged just because an attorney is involved. But when Chartis's legal counsel provides it with confidential legal advice, those communications <u>are</u> privileged and not subject to discovery. The Magistrate Judge's Order appears to order production of the privileged documents listed on Chartis's privilege log, but the order is not entirely clear. On page 4 of the Magistrate Judge's Order, it attempts to summarize Chartis's three arguments as to the discoverability of the claim file materials. *Doc. 49 at 4.* The third argument was premised upon the attorney-client privilege and work product protection as to the specific documents listed on Chartis's privilege log. The Magistrate Judge addressed the first two arguments, but did <u>not</u> address whether the listed documents were protected by either of the asserted privileges. If the intent of the Magistrate Judge's Order was to order production of these specific documents, it is clearly erroneous and contrary to law.

This Court should review Chartis's privilege log and determine, in accordance with the legal principles set forth in Chartis's briefing, whether those documents are privileged.[1]

---

[1] Plaintiff argues that the Court should not consider Chartis's objections because Chartis did not argue before the Magistrate Judge that specific documents were privileged. Plaintiff's argument is

3

*See Fleischmann*, 244 F.R.D. at 438; *Coffeyville Res. Ref. & Mktg., LLC*, 2009 U.S. Dist. LEXIS 80802, *15. If the Court additional substantive or contextual information is needed for those specific documents, an *in camera* review would be warranted.

### III. *ANDRES II* CONTROLS WHETHER AN INSURER'S POST-LITIGATION INVESTIGATION IS RELEVANT AND THEREFORE SUBJECT TO DISCOVERY IN THE FIRST INSTANCE.

Plaintiff unpersuasively attempts to distinguish *Andres v. Okla. Farm Bureau Mut. Ins. Co. (Andres II)*, 2012 OK CIV APP 93, 290 P.3d 15, by claiming that the decision was "limited entirely to plaintiff's complaints about OFB's *litigation* conduct" in that case. *Doc. 51 at 15*. But, the petition filed by Ms. Andres and the Court of Appeals' opinion belie Plaintiff's contention here.

In *Andres II*, the insured filed her Petition alleging that her insurer, OFB, "made no attempt to investigate the loss or make [her] whole" while litigation was pending between the two parties. *Doc. 50-1 at ¶ 14*. She further alleged that <u>during the pending litigation</u>, she "relied upon [OFB] to properly handle the claim"; that she "continually made demand" for policy benefits; and that OFB "unreasonably failed and refused to pay any benefits under the insurance policy." *Doc 50-1 at ¶¶ 15-17*. OFB's handling of the claim and refusal to pay benefits was not "litigation" conduct. Rather, it was OFB's extrajudicial conduct while litigation was pending.

The plaintiff in *Andres II* also claimed that OFB breached its duty of good faith and fair dealing by "failing to properly investigate [her] claim" during litigation; by "failing to adopt and implement reasonable standards for the prompt investigation and handling of

---

specious. A review of Chartis's briefing shows that Chartis argued that specific documents were privileged in its Response to Plaintiff's Motion to Compel. *Doc. 31 at 8, 10, 12-13*. Chartis attached a copy of its privilege log and even referenced certain documents as examples to show why they were privileged and not subject to discovery. *Doc. 31 at 12-13*. That is all that is required under Rule 26 and applicable caselaw.

4

claims"; and by failing to "effectuate a prompt, fair settlement for [her] claim." *Doc. 50-1 at ¶ 19.* The basis for Ms. Andres's bad faith claim was <u>not</u> OFB's "litigation" conduct. Rather, it was based upon her allegations that OFB failed to act properly in handling her claim while the parties were engaged in litigation.

At the summary judgment stage, Ms. Andres argued in her briefing that OFB "did absolutely nothing to independently investigate and evaluate Plaintiff's claim so that it could pay her on it," and that the insurer "simply sat back and waited for Plaintiff to prove her claim's value without ever proferring its own evaluation." *Andres II*, 2012 OK CIV APP 93, ¶3, 290 P.3d at 16. This complaint was about OFB's own independent conduct, not what its attorneys were doing in discovery in the litigation. But, it was undisputed that OFB, through its defense counsel, engaged in authorized pretrial discovery as to Plaintiff's damages, and that it did not perform an independent investigation outside of the litigation context. *Id.* at ¶6, 290 P.3d at 16. OFB moved for summary judgment and the trial court granted the motion.

The Court of Appeals correctly framed the issue as whether the plaintiff could base her bad faith claim on "her contention that OFB failed to initiate and pursue an <u>independent</u> investigation to evaluate her claim" during the first litigation. *Id.* at ¶10, 290 P.3d at 17 (emphasis added). The *Andres II* court held that she could not base her claim on the insurer's failure to independently investigate while the parties were engaged in litigation discovery.

The Plaintiff in *Andres II* tried to focus her bad faith claim on OFB's extrajudicial conduct, not its litigation conduct. But, the Court of Appeals rightly noted that once the parties begin litigating the insured's damages through authorized discovery, the insured cannot complain about the insurer's post-litigation investigation and evaluation. This is so

5

because "once a court proceeding is commenced seeking insurance benefits, normal claim handling is superseded by the litigation proceeding." *Id.* at ¶11, 290 P.3d at 17 (quotations omitted). The court clarified that "an insurer cannot be guilty of bad faith because it does not conduct its own investigation, but instead relies upon its counsel to conduct an investigation that is appropriate in a litigation context." *Id.*

*Andres II* controls whether post-litigation investigation and evaluation conduct is relevant and discoverable here. Since *Andres II* forecloses the ability of an insured to rest its bad faith claim on the insurer's failure to independently investigate while the parties are engaged in litigation, such evidence is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Here, Chartis did not perform an independent investigation of Plaintiff's claim once she commenced this civil action. From the moment suit was filed, Chartis handed the investigation over to its defense counsel to complete within the confines of authorized discovery under the Federal Rules. Plaintiff cannot complain of this conduct when it is specifically authorized and immunized by *Andres II*. Simply put, Plaintiff cannot support her bad faith claim with post-litigation investigation conduct because that conduct has occurred (and continues to occur) within the confines of litigation. Accordingly, this Court should modify the Magistrate's Order to the extent that it orders Chartis to produce post-litigation claim file documents.

Chartis respectfully requests that this Court modify the Magistrate Judge's order for the reasons set forth above and in Chartis's Objection and Motion to Modify the Magistrate's Order.

Respectfully submitted,

By  /s/ Randall E. Long
DAN S. FOLLUO, OBA# 11303
dfolluo@rhodesokla.com
RANDALL E. LONG, OBA #22216
rlong@rhodesokla.com
RHODES, HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2014, I electronically transmitted the foregoing document to the Clerk of the Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II, OBA #19944
Laura M. Lauth, OBA #22619
**SMOLEN, SMOLEN & ROYTMAN, PLLC**
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
lauralauth@ssrok.com

/s/ Randall E. Long