# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-116-JED-PJC |
| ) | |
| CHARTIS PROPERTY CASUALTY, CO., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Objection to and Motion to Set Aside Magistrate's Order Granting Defendant's Motion to Compel Independent Medical Examination (Doc. 47). Plaintiff's objection asks the Court to set aside the Magistrate Judge's January 21, 2014 Order granting the defendant's motion to compel plaintiff to undergo an independent medical examination (Doc. 46).

### BACKGROUND

Plaintiff Nancy Morrison alleges that she was injured in an automobile accident on August 18, 2011. At that time, Morrison had uninsured/underinsured motorist coverage in the amount of $500,000 with defendant Chartis Property Casualty Co. ("Chartis"). Morrison made a claim against the coverage, asserting that her medical expenses would exceed the limits of the tortfeasor's coverage. On February 26, 2013, plaintiff filed this lawsuit for breach of contract and breach of the duty of good faith and fair dealing (bad faith).

### STANDARDS

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court

on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1148 (10th Cir. 2012) (quoting *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010)). A magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, and "the court will overrule the magistrate's determination only if this discretion is abused." *Aircraft Fueling Sys., Inc. v. Sw. Airlines Co.*, , 2011 WL 4915549, at *1 (N.D. Okla. Oct. 17, 2011).

## DISCUSSION

The Magistrate Judge granted Chartis' motion to compel which sought Morrison's submission to an independent medical evaluation ("IME") pursuant to Fed. R. Civ. P. 35(a). Morrison resisted the IME on the basis that Chartis lacked good cause to do so because it delayed in requesting an IME for more than two years after the accident. The Magistrate Judge disagreed and held that Morrison's medical condition had been placed in controversy as a result of her claims and the damages sought, and that the delay at issue did not negate a finding of good cause. In her objection to this Order, Morrison largely makes the same arguments as those presented in opposition to Chartis' motion to compel. She contends that (1) her medical condition is not at issue because she is pursuing a bad faith claim and (2) there is not good cause for an IME because of Chartis' delay in requesting one.

Rule 35 provides that "[t]he court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Generally, IMEs are performed by agreement of the parties, *see Lane v. Pfizer, Inc.*, 2007 WL 221959 (N.D. Okla. Jan. 25, 2007), but the Court will order an IME where the party seeking the exam can show that

"the mental or physical condition of the party who is to be examined is in controversy, and that there is good cause for the examination." *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 689 (10th Cir. 2007) (internal quotation marks omitted).

The Court finds that the Magistrate Judge did not err in finding that Chartis was entitled to an IME of Morrison under Rule 35. Morrison's claims for breach of contract and bad faith directly place her medical condition at issue. Specifically, Morrison seeks damages for personal injuries, including damages for past and future medical expenses. (*See* Docs. 1, at 3; 23, at 2 ("The medical costs arising from the accident total over $50,000 and her future medical bills are estimated at $90,000.")). "When a plaintiff seeks to recover damages for his [or her] past or present medical condition, this generally places the plaintiff's medical condition 'in controversy' for the purpose of Rule 35." *Weddle v. Farmers Ins. Co., Inc*., 11-CV-0095-CVE-FHM, 2011 WL 5439200 (N.D. Okla. Nov. 9, 2011). Morrison continues to pursue these damages and her medical condition is thus "in controversy."

Morrison has likewise failed to negate Chartis' showing of good cause to conduct the IME. Morrison argues that Chartis' two year post-accident delay in seeking an IME should foreclose a finding of good cause. Morrison has cited no authority which suggests that this is the current state of law, or that it should be. As the Magistrate Judge noted, this argument, if accepted, would result in insurers being required to seek an IME in every claim request they receive or else face the potential of waiver if litigation is filed. Moreover, Chartis points out that it had no reason to request an IME until five months after Morrison filed suit because it was unaware until that time that her doctor was recommending surgery.

The Court finds that the Magistrate Judge correctly determined that Morrison's medical condition was in controversy and that good cause to conduct an IME exists. Plaintiff's objection (Doc. 47) is therefore denied and the January 21, 2014 Order is affirmed.

**IT IS THEREFORE ORDERED** that plaintiff's Objection to and Motion to Set Aside Magistrate's Order Granting Defendant's Motion to Compel Independent Medical Examination (Doc. 47) is **denied**.

**SO ORDERED** this 1st day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE