# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

NANCY MORRISON, )
　　　　　)
　　Plaintiff, )
　　　　　)
v. ) Case No. 13-CV-116-JED-PJC
　　　　　)
CHARTIS PROPERTY CASUALTY CO., )
　　　　　)
　　Defendant. )

## OPINION AND ORDER

Before the Court is the Motion to Compel Production of Documents. Filed by Defendant, Chartis Property Casualty Co ("Chartis"). [Dkt. No. 67]. In August 2011, Plaintiff was injured in an automobile accident caused by the negligence of the tortfeasor, John Branum ("Branum"). Plaintiff sued Branum in Tulsa County, Oklahoma, and that lawsuit was settled in April 2013. Branum is not a party to this action.

In February 2013, Plaintiff filed this case against her insurer, Chartis, for its handing of an under-insured motorist claim. In its Motion to Compel, Chartis seeks to compel production of communications sent or received by Plaintiff or her counsel, to/from Branum, his counsel, or any representative of Safeco, Branum's insurance carrier. Defendant contends that it needs these documents to explain why Safeco tendered the tortfeasor's $500,000 policy limits. Defendant says that Plaintiff intends to use evidence of Safeco's tender of policy limits as evidence that Defendant undervalued Plaintiff's UIM claim.

## DISCUSSION

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed.

Under Oklahoma law, an insurer has an implied-in-law duty to act in good faith and deal fairly with its insured to ensure that the policy benefits are received, and a violation of that duty gives rise to an action in tort. *Bannister v. State Farm Mut. Auto. Ins. Co.,* 692 F.3d 1117, 1123 n. 8 (10th Cir. 2012); *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1093 (Okla. 2005); *Christian v. American Home Assur. Co.,* 577 P.2d 899, 901–05 (Okla. 1978). The focus of a bad-faith claim is the knowledge and belief *of the insurer* at the time period the claim is being reviewed. *Newport v. USAA,* 11 P.3d 190, 195 (Okla. 2000)' *Buzzard v. McDaniel,* 736 Pl.2d 157, 159 (Okla. 1987). It is irrelevant how, or whether, a third-party claim is being handled. *See Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1093-95 (Okla. 2005). Chartis does not need to be able to explain Safeco's evaluation; it needs to be able to explain its own evaluation. The information that Chartis seeks is irrelevant to the claims and defenses asserted in this action

2

Accordingly, Defendant's Motion to Compel is **DENIED**.

**Dated** this 3rd day of October, 2014.

_____
Paul J. Cleary
United States Magistrate Judge