IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY MORRISON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-CV-116-JED-PJC |
| CHARTIS PROPERTY CASUALTY COMPANY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to Cheryl Mann and Safeco Insurance Company ("Safeco"). [Dkt. No. 69]. This is a lawsuit over the handling of an uninsured/under-insured motorist claim. The case was filed in February 2013 [Dkt. No. 1], and since then, there have been four Scheduling Orders. [Dkt. Nos. 15, 21, 37 & 56]. A request for a fifth Scheduling Order was recently denied. [Dkt. No. 71].

On September 5, 2014 – the day that discovery closed, pursuant to the Third Amended Scheduling Order – Defendant Chartis Property Casualty Company ("Chartis") served Plaintiff with its Notice of Subpoena Duces Tecum. The subpoena commanded Cheryl Mann of Safeco to produce certain records on or before September 19, 2014. [Dkt. No. 69-1].

Plaintiff contends that the subpoena is untimely and should be quashed. Plaintiff is correct; therefore, the Motion to Quash is **GRANTED**.

1

## DISCUSSION

A subpoena duces tecum issued to a third party is "discovery" within the meaning of the Federal Rules of Civil Procedure. *Rice v. U.S.*, 164 F.R.D. 556, 556-57 (N.D.Okla. 1995). Thus, discovery conducted pursuant to a Rule 45 subpoena, must be concluded by the deadline specified in the Court's Scheduling Order. *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D.Okla. 2001); *Rice*, 164 F.R.D. at 558. In this case, that means compliance with the subpoenas must have occurred *before* September 5, 2014. Issuing a subpoena on the day discovery closes means that production pursuant to the subpoena and resolution of any issues involving the subpoena will necessarily occur *after* the discovery deadline.

Chartis contends that Plaintiff does not have standing to challenge an untimely subpoena served on a third party. [Dkt. No. 75, at 2-4]. Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to challenge a subpoena served on a third party. *Howard v. Segway*, 2012 WL 2923230, *2 (N.D.Okla. July 18, 2012); *Herff Jones, Inc. v. Oklahoma Graduate Svcs., Inc.*, 2007 WL 2344705, *3 n.4 (W.D.Okla. Aug. 15, 2007); *Johnson v. Gmeinder*, 191q F.R.D. 638, 640 n.2 (D.Kan. 2000); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). Some courts have construed a Motion to Quash for untimeliness as a Motion for Protective Order and conducted their analysis in accordance with Rule 26(c)(1). *E.g., Joseph v. Linehaul Logistics, Inc.*,

2012 WL 3779202, *4 (D.Mont. 2012). However, the moving party still must meet the standards for issuance of a protective order. *Galloway v. Islands Mechanical Contractor, Inc.*, 2013 WL 163985, *4 (D.V.I. Jan. 14, 2013).

Regardless of a Rule 26 analysis, the standing issue is not dispositive because it is well-recognized that courts have inherent power to quash an untimely subpoena as part of their authority to control litigation before them. *See, Galloway v. Islands Mechanical Contractor, Inc.*, 2013 WL 163985, *4 (D.V.I. Jan. 14, 2013); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, *2 (D.Kan. Nov. 1, 2006); *Revander v. Denman*, 2004 WL 97693, *1 (S.D.N.Y. 2004).

In addition, Chartis contends that Plaintiff similarly violated the Court's Scheduling Order by issuing belated subpoenas. [Dkt. No. 75, at 5-6]. But the question of Plaintiff's subpoenas was never brought before the Court, and, in any event, does not justify the belated subpoenas that are the subject of the pending motion.

Chartis also contends that it served its subpoenas as soon as practicable. That contention is not convincing given the amount of time that the parties have had to complete discovery. The Court set an initial discovery deadline in this case of November 2013 [Dkt. No. 15]. The deadline was extended to February 2014 [Dkt. No. 21], extended again to May 2014 [Dkt. No. 37], and finally extended to September 2014 [Dkt. No. 56]. Chartis has not offered a

convincing explanation as to why discovery could not be completed in that time period.

The subpoena at issue here violates the Court's Third Amended Scheduling Order because it seeks to conduct discovery beyond the deadline established therein. Therefore, the subpoena should be quashed. This imposes no injustice upon Defendant. The parties have had 18 months, and multiple schedule extensions, within which to gather whatever information is necessary for this case.

**ACCORDINGLY**, Plaintiff's Motion to Quash is **GRANTED**.

**DATED** this 20th day of October 2014.

_____
Paul J. Cleary
United States Magistrate Judge